# ♦ CHARLESTON.

## STATE *v.* DAVIS.

Submitted September 15, 1910.  Decided November 15, 1910,

1. INTOXICATING LIQUORS—*Sale by Druggist—Indictment.*
   An indictment against a druggist for the sale of intoxicating liquor is not bad for not naming the person to whom the sale was made.

2. SAME.
   An indictment against a druggist for the sale of intoxicating liquor is not bad for not specifying the day of sale, if it allege it to be within one year before the finding of the indictment.

3. SAME—*Sale by Druggist—Necessity of Prescription.*
   A sale of intoxicating liquor by a druggist to a physician, without the prescription required by law, is unlawful.

Error to Circuit Court, Barbour County.

W. O. Davis was convicted of an unlawful sale of liquor as a druggist, and brings error.

*Affirmed.*

*Warren B. Kittle,* for plaintiff in Error.

*William G. Conley,* Attorney General, for the State.

BRANNON, JUDGE:

W. O. Davis was convicted in the circuit court of Barbour county of unlawful sale of intoxicating liquor as a druggist, and fined one hundred dollars. The sale was upon an order from a physician reading as follows: "Mr. Davis, Send me OJ of whiskey so I can mix it for this man. E. H. Stump. 12-12-09."

We need not consider at length the point that the indictment is violative of the Constitution, Art. 3, section 14, in not naming a day of sale and the person to whom sale was made. It has been held that the indictment need not so specify. *State* v. *Ferrell,* 30 W. Va. 683; *State* v. *Criswell,* 36 *Id.* 659.

The prosecution presented several orders to Davis from a physician and proved sales under them. The prosecution elected to rely on only one, and then the defendant asked the court to exclude other orders; but the court refused. The court said

that such other sales might be considered for the purpose of showing the *bona fides* or otherwise of the transaction. We will not consider whether this refusal to exclude was error. It plainly told the jury that conviction could not be had on those other sales, and that those sales could only be used on the question of good faith in the sale. The order from the physician is no prescription to warrant a sale. A mere order from a physician to send him liquor, is not a prescription, though he intend to mix it in medicine. Who was the patient? This is no justification of a sale. I refer here to *State* v. *Davis* decided this day. The Code of 1906, chapter 32, section 6, demands a prescription stating the name of the patient, and that the liquor is absolutely necessary as a medicine for such person, and is not to be used as a beverage. The order in this case is no such prescription as the law definitely prescribes. The law carefully prescribes it, and we cannot accept even a prescription so widely departing from the requirement of the statute. You cannot call the order a prescription. *State* v. *Tetrick,* 34 W. Va. 137; *State* v. *Berkeley,* 41 *Id.* 455. It cannot operate at a mere order for liquor for the use of a physician. I see no clause in section six allowing a druggist to sell to a physician. He can prescribe for a patient, but cannot himself buy simply because he is a physician. There is no such exception in this rigid statute. Sales by druggists became such an evil that this statute was made. If we should hold that a druggist can sell to a person only because he is a physician, how wide would we open a door to a fraud on the law and to widespread use of liquor through irresponsible persons assuming the privileges of a learned and useful and honorable profession. *State* v. *Davis,* upon another indictment, decided this term sustains this holding. As that order was bad, a sale under it proved and not denied, the offence was fixed, and good faith was immaterial. Those other sales could not alter the case. See *State* v. *Davis* decided this day. It is said such sales would prejudice the jury. What of it? If refusal to exclude them was error, it is harmless, not affecting the result justified by the evidence.

*Affirmed.*