## CHARLESTON

SWIGER, ADM'R., v. EVANS.

Submitted October 28. 1914. Decided December 8, 1914.

EXECUTORS AND ADMINISTRATORS—*Claims Against Decedent—Support of Parent.*

A child can not recover for the support of his parent unless he proves an express contract entitling him to compensation, or, by proof direct, positive, and unambiguous, establishes facts and circumstances from which it may reasonably be inferred that there was a clear understanding whereby the parent agreed to pay and the child expected to receive compensation.

Error to Circuit Court, Tyler County.

Action by Arlen G. Swiger, administrator, against Charles M. Evans. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Boreman & Carter,* for plaintiff in error.

*G. D. Smith,* for defendant in error.

ROBINSON, JUDGE:

The action is one by an administrator for the recovery of a claim alleged to be due the estate from a son of the decedent. Defendant admits owing a part of the indebtedness charged. He seeks to offset the claim of the estate against him by an account which he files against the estate, the principal part of which is a charge for keeping his mother in his home for

a period of twenty-six weeks. From a judgment in favor of the administrator, defendant prosecutes error, presenting several assignments. All the points have been maturely considered. With one exception they deserve no special notice in the reports. To dispose of them specifically here would be only to reiterate well settled principles.

The trial court excluded the evidence which defendant relied on to establish the claim for keeping his mother. That evidence was the testimony of a son and a daughter of defendant. They were competent to testify. But did their testimony establish a contract whereby defendant was to support his mother for compensation? Of course it is well understood that defendant can claim no compensation for keeping his mother except on the score of a definite contract between them in this particular. There is no implied obligation that the parent shall pay for support rendered by the child. Now, the testimony excluded falls short of proving a contract between defendant and his mother. The daughter testified to a loose declaration of the old lady that she intended to pay defendant something for her board. The witness knew of no amount agreed upon between them. The testimony of defendant's son is as follows: "She said she would not stay there for nothing, said he had to be paid and she asked him if $5 a week would be too much. He said that would be all right." This is not proof of a contract. It merely proves the declaration of the old lady that she intended to pay defendant for the aid he was already rendering her, his mother, but by no means does it show that defendant was supporting his mother in reliance on compensation for the services that he naturally owed her. Indeed this and other evidence in the case indicates that defendant was supporting his mother without reliance on a contract to pay. The evidence shows that defendant was unmindful of compensation. He did not require his mother to pay him for her support. Whatever his mother might give him would be all right. She declared that he should have pay, and he said it would be all right. That is all. It does not make a contract between mother and son for compensation for support. It is not of the definite character required in such a case. All that is testified to

did not constitute an express contract. Nor can it necessarily be inferred from any of the evidence that compensation was the consideration for the support. In cases like this one, for a child to recover for the support of his parent he must prove an express contract whereby the parent assumed a legal obligation to the child to pay him for the support furnished, one understood when made as being legally enforcible against the parent in favor of the child, or he must, by proof direct, positive, and unambiguous, establish facts and circumstances from which it may reasonably be inferred that there was a clear understanding whereby the parent agreed to pay and the child expected to receive compensation. *Jackson's Adm'r.* v. *Jackson,* 96 Va. 165. The question is whether the parties contemplated payment and dealt with each other as debtor and creditor. *Miller's Appeal,* 100 Pa. 568.

From a legal standpoint the testimony was worthless for the purpose for which it was offered, and there was no error in excluding it. The judgment will be affirmed.

*Affirmed.*