# CHARLESTON.

## STATE v. FARLEY.

### Submitted May 16, 1916.    Decided May 23, 1916.

1. CRIMINAL LAW—*Trial—Continuance.*
   Denial of a continuance, asked on the ground of absence of a witness, is not erroneous or improper where the affidavit in support of the motion therefor fails to show due diligence by the movant, adequate cause for the absence, and materiality of the testimony the witness is expected to give on the trial. (p. 472).

2. SAME—*Appeal—Harmless Error.*
   Rulings by the trial court on the admissibility of evidence will not constitute sufficient ground for the reversal of a judgment, unless the appellate court is able to perceive substantial prejudice resulted therefrom. (p. 473).

3. INDICTMENT AND INFORMATION—*Sufficiency—Objections.*
   An indictment for the unlawful sale of intoxicating liquors, returned in January, 1915, in the form prescribed by §3, ch. 32A, Code, operative since July 1, 1914, is not defective or invalid, on demurrer or motion to quash, for failure to state the time of the commission of the offense other than by the use of the statutory expression ''within one year next prior to the finding of this indictment.'' (p. 474).

Error to Circuit Court, Kanawha County.

Tom Farley was convicted of unlawfully selling intoxicating liquors, and on appeal from the intermediate court the circuit court quashed the indictment and discharged accused, whereupon the State brought error.

*Reversed, motion to quash overruled, and judgment of intermediate court affirmed.*

*T. C. Townsend, Fred O. Blue,* and *Jno. T. Simms,* for the State.

*E. E. Robertson* and *Avis & Donnally,* for defendant in error.

LYNCH, JUDGE:

For unlawfully selling intoxicating liquors, defendant was convicted in the intermediate court of Kanawha county.

Upon review, the circuit court of that county reversed the judgment, quashed the indictment, and discharged the accused from further prosecution. Thereupon the state obtained this writ of error. The specific points presented for consideration are the denial of defendant's motion for a continuance, rulings by the trial court on the admissibility of evidence, and the sufficiency of the indictment.

In support of his motion for a continuance, defendant, by affidavit, stated, in substance, that his mother, then living in Boone county, was a material witness in his behalf, without whom he could not safely proceed to trial; that a week before the trial he had gone to her home for the purpose of bringing her to Kanawha county as a witness, but found "she was physically unable" to attend the trial; that, inasmuch as "Ray who says he bought whiskey from Farley said that he purchased it in a room at the top of the stairway" (no more definite place of the alleged sale being given), defendant would be able to prove by his mother that she was at his home "at that time, and was in the room for a visit and remained in the room all that evening", and neither Ray nor defendant "was ever in the room from one o'clock until that evening at supper time"; and that he could not prove these facts by any other witness. Because of the insufficiency of the affidavit alone, the continuance was properly denied. Its vagueness, uncertainty and indefiniteness are apparent. The time at which Ray was expected to testify he purchased the whiskey is not stated; and the statement that defendant's mother was in the room designated during the "evening" of a certain day and neither Ray nor defendant appeared thereat during a portion of the *afternoon* of that day, obviously is inconclusive. It is not shown that a summons was issued or requested for the absent witness. The trial was had in May, 1915, upon an indictment found at the preceding January term of court. The only evidence of diligence manifested by defendant was his statement that a week before the trial he had visited his mother and found her then "physically unable" to attend. Neither the nature or extent of her inability, nor the probability of her attendance at a subsequent term, is shown. But there is another and equally substantial

reason why the ruling on the motion was not prejudicial to defendant. . The affidavit was disproved, in so far as it contained any vital averments, by the testimony of defendant's witnesses at the trial. His wife testified, without contradiction, that the mother was in fact at his home on the Saturday the evidence for the state fixed for the sale, but that she was absent therefrom during the afternoon of that day; and it is also proved by defendant's evidence that Ray, who stated he purchased the whiskey from Farley on Saturday, did not arrive at Charleston, the place of sale, until after two o'clock and that same evening, sometime before six o'clock, was arrested by police officers for drunkenness and thereafter detained in confinement until the ensuing Monday morning.

The rulings on evidence are presented by several separate bills of exception. It is contended that the testimony embodied in bill number one should have been excluded as hearsay. Police officers Herrold and Haggerty, by proper warrant, searched defendant's premises on Saturday evening after the sale to Ray on that day, and found about 160 gallons of liquor. Haggerty died prior to the trial. Herrold was permitted to testify, on behalf of the state, that, on the occasion of the search, Haggerty asked Farley if he had any whiskey in the building and Farley replied he had none. The record of the examination of the witness does not justify the conclusion that the conversation was hearsay, reported to Herrold by the officer acting with him. The only reasonable inference, from the questions and answers appearing, is that the conversation took place in the presence of Herrold, and that he stated it as of his own personal knowledge. The obvious purpose was to show, as an incriminating circumstance, that Farley denied having any liquor, whereas much of it in fact was found locked in a closet in the room in which the denial was made. Furthermore, it is difficult to perceive substantial prejudice to defendant by reason of the admission of the testimony; because, as a witness in his own behalf, he admitted the making and falsity of the statement to Haggerty. The action of the court in sustaining objection, on cross-examination, to the questions shown by bills of exception three and eight, clearly

was not error. The questions were but repetitions of preceding ones which the witnesses were permitted to answer.

Exception seven was taken to the ruling sustaining objection to the inquiry propounded to the witness Spradling, city jailor, whether or not Ray, the purchaser of the liquor, "stated to you in substance and effect that he had to do what he did against Mr. Farley, but on the final trial when the grand jury was in session he would be in Pittsburgh". The only ostensible purpose of the question was to elicit from Spradling an answer which probably was supposed to impeach the witness Ray and show that he made the statement embodied in the interrogatory. But the record does not disclose what the answer would have been if permitted. Counsel failed to state what they expected to prove by the witness, and we can not surmise.

Nor is reversible error shown by bills of exception two, four and five. Ray, who stated on the trial that he had purchased the whiskey from defendant, further testified on direct examination that on the evening of the same day he procured the liquor, while confined in jail on a charge of drunkenness, he stated, in the presence of several persons who together with defendant had come there to see him, that Farley was not the man who made the sale; and, in response to the same question at the trial, explained that he had made the contradictory statement because of fear of injury from Farley and his friends. This testimony was admitted for the state without objection. The evidence complained of consisted of the further testimony by Ray that after the incident at the jail he made an explanation to the chief of police, giving his reasons for the contradictory statement; and of the testimony of Rathbone that Ray had also made some explanation to him of the same matter. But what the explanation by Ray was is not shown; the witnesses do not say. They merely assert an explanation was made. It is not perceivable in what respect defendant could be injured by the testimony.

The objection mainly relied on by defendant to sustain the judgment discharging him from further prosecution questions the sufficiency of the formal accusation against him. He says that, as the act in force prior to July 1, 1914, relating to the

manufacture and sale of intoxicating liquors, materially differed in character and effect from that in force since that date, the indictment did not inform him, and the court could not determine, whether the offense charged was committed before or since July 1, 1914. The presentment, made in January, 1915, charged the commission of an offense within one year prior to the date of its return by the grand jury, and followed the form and language prescribed by the legislature in the latter statute. It declared sufficient an indictment'' in form or effect following:

''State of West Virginia, County of.................... In the Circuit Court of ................County: The grand jurors in and for the body of the county of................, upon their oaths present that A. B., within one year next prior to the finding of this indictment, in the said county of................, did unlawfully manufacture, sell, offer, keep, store and expose for sale and solicit and receive orders for liquors and absinthe and drinks compounded with absinthe, against the peace and dignity of the state.''

That in the legislature inhered the power to say in express terms what form the accusation shall take, defendant does not undertake to deny. He virtually admits the power exists. Indeed, its existence has been affirmed, as has also the constitutionality of its exercise by the legislative department. *State v. Schnelle,* 24 W. Va. 767; *State v. Smith,* 24 W. Va. 814; *State v. Flanagan,* 26 W. Va. 116; *State v. Sheppard,* 49 W. Va. 592; *State v. Johnson,* 49 W. Va. 684; *State v. Dodds,* 54 W. Va. 298. The legislature could have prescribed forms for indictments discriminating between the offenses committed before or after the alterations made in the statute. Its reasons for not doing so remain undisclosed. The presumption is it did not deem the differentiation material. That is a reasonable conclusion. It is the only valid inference. The form provided is comprehensive. It does not render essential an averment as to date. Besides, §10, ch. 158, Code, provides that no indictment shall be quashed or deemed invalid ''for omitting to state or stating imperfectly the time at which the offense was committed when time is not of the essence of the offense''. The only time fixed as an es-

sential ingredient of an offense violative of statutes relating to the manufacture and sale of intoxicants or harmful drugs, and generally of all misdemeanors, is that the indictment therefor.must be found within one year after the commission of the offense charged. If alleged to be within the year, the accusation is sufficient, although if the proof adduced upon the trial of the general issue places the violation beyond the limitation period an acquittal must necessarily ensue. As no other provision of the act in question required an averment as to time other than as charged, we think the indictment is sufficient, and the order entered by the circuit court quashing it and discharging the defendant was erroneous and should be reversed, the motion to quash overruled, and the judgment of the intermediate court affirmed.

*Reversed, motion to quash overruled and judgment of Intermediate Court affirmed.*