# CHARLESTON.

## STATE v. WILEY EVANS *et al.*

Submitted October 25, 1921.   Decided November 1, 1921.

1. WITNESSES—*Absent Proof of Arresting Officer's Other Acts, Malice Will Not be Inferred From use of Reasonable Force.*

   In the absence of proof of other acts of malice or hostility on the part of an arresting officer, such motives are not to be inferred from the employment of reasonable physical force in effecting the apprehension of an offender.  (p. 381).

2. CRIMINAL LAW—*Evidence of Physical Force to Overcome Resistance in Arresting for Unlawful Transportation is Not Ordinarily Admissible as a Part of the Res Gestae.*

   In a trial under an indictment charging two defendants with the statutory offense of carrying more than one quart of liquor from one point to another within the state within 30 consecutive days, evidence of the use of physical force, to overcome resistance in making the arrest, ordinarily is not admissible as part of the res gestae.  (p. 382).

3. SAME—*"Res Gestae" Defined.*

   The term res gestae means the acts, declarations and circumstances which stand in causal connection with, and are illustrative of the principal transaction undergoing investigation.  (p. 382).

4. SAME—*One of Two Codefendants May be Convicted; Instruction Held Confusing as to Finding one or Both Defendants Guilty of Unlawful Transportation.*

   In the joint trial of two defendants for carrying more than one quart of liquor from one point to another within the state within 30 consecutive days, an instruction which charges the jury that although they may believe from the preponderance of the evidence that the liquor belonged to or was in the possession of the defendants, yet "unless it has been shown from the evidence beyond all reasonable doubt as to which one of the defendants the liquor belonged, or was in possession of, if only one of them, then you shall find the   defendants not guilty," serves only to confuse the jury, as Sec. 24, Chap. 159, Code, enables them in such cases to find either one or both of the defendants innocent of the offense charged.  (p. 383).

5.  SAME—*Refusal of Instruction Not Warranted by Proof is Not
    Error.*

    Where, as in this case, no proof warranted such an instruc-
    tion, its refusal ·was not erroneous.   (p. 383).

Error to Circuit Court, McDowell County.

Wiley Evans and another were convicted of unlawfully
transporting more than one quart of liquor within 30 con-
secutive days, and they bring error.

*Affirmed.*

*Litz & Harman* and *Joseph M. Crockett*, for plaintiffs in
error.

*E. T. England*, Attorney General and *R. Dennis Steed*, As-
sistant Attorney General, for the State.

LYNCH, JUDGE:

Defendants having been tried, convicted and sentenced by
the. Criminal Court of McDowell County, upon the second
count of an indictment, charging them with carrying from
one point to another within the state more than one quart
of liquor within 30 consecutive days, and their application
to the circuit court of the same county for a writ of error
having been refused, they obtained the writ from this court.

The errors now assigned are the refusal to admit certain ev-
idence offered by them, and heard by the criminal court in the
jury's absence, and now a part of the record; and to give the
only instruction offered by them.

The testimony so rejected consisted of statements by de-
fendants and witness, Harliss, that Cal Houchins, the deputy
sheriff who made the arrest, while effecting defendants' cap-
ture, without cause or provocation, assaulted and beat de-
fendant, Evans, with the butt of his pistol knocking him
down and inflicting severe bodily injuries upon him.   Houch-
ins and the two men who were with him, and who assisted in
making the arrest, were witnesses in the case, but the ques-
tions directed to them, and their answers, related principally
to the condition of the defendants as to intoxication at the
time of the arrest, and tó their possession of the suitcase, con-
taining nearly three gallons of liquor, which under the in-

dictment was the real issue involved. They were asked no questions and volunteered no information concerning the injuries, if any, inflicted upon Evans.

As to defendants' disclaimer of ownership of the suitcase of liquor, which they claim to have just discovered lying upon the railroad tracks, when and where deputy Houchins came upon them, and the equally insistent statements of Houchins and those with him that defendants were walking down the tracks carrying the suitcase, and that they admitted the nature of its contents before the arrest; these are all facts and circumstances which are to be, and presumably were weighed and considered by the jury, and unless the testimony excluded was material to these.issues, or would have been, if admitted, useful in determining the value of other evidence properly admitted, it is difficult to perceive in what way defendants, because of its rejection, suffered such substantial prejudice as the law requires to warrant a reversal. *State* v. *Farley,* 78 W. Va. 471, 89 S. E. 738.

Defendants' counsel earnestly insists that Houchins' alleged unwarranted maltreatment of defendants was indicative of malice, hatred and enmity, which the prosecuting witnesses bore towards his clients, and that as such it was highly relevant, either for the purpose of minimizing the probative value of their testimony, or for establishing proof of an ulterior motive in prosecuting the trial.

Hostility of a witness towards the defendant may, it is true, have some bearing upon the evidentiary quality of his testimony, but it scarcely follows that in the absence of proof of other kindred circumstances, such a motive is to be ascribed to an officer of the law, from the mere employment of physical force in the apprehension of an offender, who resists the arrest. It is the duty of all persons to submit to and not oppose the efforts of a proper arresting officer, and when resistance is offered, whether it be an act of aggression or an attempt at escape, it is the officer's duty to employ reasonable force to accomplish his purpose. *State* v. *Weisengoff,* 85 W. Va. 271, 284. It is of further significance that the circumstances surrounding the case do not seem to bear out defendants' view of this issue. Though defendants by a general

statement deny any resistance of the arrest, it appears from the testimony of the state's witnesses, that the defendants not only violently denied Houchins' authority to take them without a warrant, but that defendant, Williams, backed away with the suitcase and said that no "s— of a b—— could stop him." Such conduct, if it occurred, savors strongly of opposition. Defendants also sought to show some connection between the employment of Houchins and the Baldwin-Felts Detective Agency, but it does not appear in what manner this association would affect his relations to Evans, a school teacher.

Influenced, perhaps, by a premonition of a failure of the court to perceive such causal connection between the evidence of the alleged assault and the offense charged against defendants as would render rejection of the evidence ground for reversal, defendants' counsel invokes the doctrine of res gestae, arguing that the conduct of Houchins was an immediate integral circumstance of the act in question, and therefore relevant and essential. As to this contention, it is only necessary to recall the limitations of that doctrine. "The res gestae may be, therefore, defined as those circumstances which are the undesigned incidents of a particular litigated act, and which are illustrative of such act. ... Their sole distinguishing feature is that they should be the necessary incidents of the litigated act; necessary in this sense, that they are part of the immediate preparations for or emanations of such act, and are not produced by the calculating policy of the actors. In other words, they must stand in immediate causal relation to the act—a relation not broken by the interposition of voluntary individual wariness seeking to manufacture evidence for itself." *State* v. *Prater,* 52 W. Va. 132, 146, quoting Wharton, Evidence, Sec. 259. See also 2 Jones, Commentaries on Evidence, 810; *Hermes* v. *Chicago etc. R. Co.,* 80 Wis. 590, 50 N. W. 584, 27 A. S. R. 69; *Ward* v. *White,* 86 Va. 212, 19 A. S. R. 883. As we view it, the conduct of the officer in making the arrest in the present case is not an element of, nor illustrative of the litigated act — the carrying of the intoxicating liquor from one point to another within the state. In the absence of such correlation, the evidence in question

was not admissible on the theory advanced; and without showing other acts of hostility or malice towards defendants, no inference of their existence is deducible from the fact of the unwarranted maltreatment of Evans, if fact it be. The jury could well believe that he or Williams was the aggressor, and that Houchins did only what appeared necessary to subdue the resistance of the arrest.

The instruction offered by defendants and refused would, if given, have told the jury that although they may believe from the preponderance of the evidence that the suitcase belonged to or was in the possession of the defendants, yet "unless it has been shown from the evidence beyond all reasonable doubt as to which one of the defendants the liquor belonged or was in possession of, if only one of them, then you shall find the defendants Not Guilty." Counsel contends that without this instruction to guide the jury, defendants' rights were not properly safeguarded, but fails to point out in what particular respect they were prejudiced. Sec. 24, Ch. 159, Code, provides that "where two or more persons are charged and tried jointly, the jury may render a verdict as to any of them as to whom they may agree." This statute was in effect at the time of defendants' conviction, and the jury was free to return a verdict of not guilty as to either one or both of the defendants, in case they deemed the evidence before them insufficient to sustain the allegations of the indictment. The instruction requested would seem to obscure and confuse, rather than clarify the issue.

For these reasons, the judgment is affirmed.

*Affirmed.*