# CHARLESTON.

## STATE v. ARCH PRICE.

Submitted February 14, 1922., Decided February 21, 1922.

INDICTMENT AND INFORMATION—*Indictment Alleging Two Possible Repugnant Dates, One of Which is Barred, is Bad.*

> An indictment for a misdemeanor which alleges two possible but repugnant dates as the time of the commission of the offense, by one of which, if correct, the offense would be barred, is bad on demurrer, and should on motion of the accused be quashed.    Such defect in the indictment is not cured by section 10 of chapter 158 of the Code.

Error to Circuit Court, Calhoun County.

Arch Price was convicted of assault, and he brings error.

*Reversed; Defendant discharged.*

*Geo. F. Cunningham,* for plaintiff in error.

*E. T. England,* Attorney General and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The indictment alleges that the grand jurors "upon their oaths present that Arch Price, on the —— day of ——, 1917, *and within one year next preceding the finding of this indictment,* * * * in and upon one Ernest McCoy, an assault did make" etc.

The errors assigned are that the court below should have sustained defendant's demurrer to and motion to quash the indictment, and also his motion in arrest of judgment.

The record of the indictment shows that it was found and returned on the 20th day of April, 1920.    The attorney general says in his brief that the evidence showed that the offense was committed January 30, 1920.    The evidence was not certified; but the trial court by bill of exception certified, "that the State, through her prosecuting attorney, relied in said case upon an assault and battery claimed to have

been committed by the defendant upon the said Ernest McCoy, on the 30th day of January, 1920.'' But we think the question of fact is not material on the present hearing. To constitute the basis of any conviction, it was necessary that the indictment should have charged an offense not barred, and punishable under the statute.

Section 10 of chapter 152 of our Code says: ''A prosecution for a misdemeanor shall be commenced within one year next after there was cause therefor.'' The indictment, as we have seen, charges, first, that the offense was committed on the ⸺ day of ⸺, 1917; if so, it was barred, and the motion to quash should have been sustained. In other words, no offense punishable under the statute was alleged; it was barred by limitation. But it is urged that the indictment also charges that the offense was committed within one year next preceding the finding of the indictment; and that the defect in the statement of time is cured by section 10 of chapter 158 of the Code. It provides: ''No indictment or other accusation shall be quashed or deemed invalid * * * for omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense.'' But in indictments for misdemeanors, is not the time of the commission thereof of the very essence of the crime? In our case of *State* v. *Bruce,* 26 W. Va. 153, it was said: ''In misdemeanors it is essential that it should appear from the indictment that the offense was not barred by the statute of limitations at the time the indictment was found.'' And we held in *State* v. *Davis,* 68 W. Va. 184, that an indictment against a druggist for the sale of intoxicating liquors was not bad for *not specifying the day of the sale,* when it is alleged that it was within one year before the finding of the indictment. In *State* v. *Farley,* 78 W. Va. 471, it was said that although the indictment charges the offense to have been committed within one year, yet if the proof adduced places the violation beyond the period of limitation, an acquittal would necessarily follow.

Is the manifest defect in the indictment in this case cured by the statute? The courts generally, with our decisions,

hold that if in such case an indictment states in general
language that the offense was committed within the statutory
period, it need not state the exact date.    *Shiflett* v. *Com-
monwealth,* 114 Va. 876; *Dix* v. *Commonwealth,* 110 Va.
907; *Jones* v. *Commonwealth,* 1 Bush (Ky.), 34, 89 Am. Dec.
605. And it is held that where two dates appear in an in-
dictment, one of which is impossible and apparently a cleri-
cal error, the indictment will not be invalidated." 14 R.
C. L., page 180, sec. 26.

Does the present indictment fall under these rules? We
think not. It first charges the offense to have been com-
mitted in the year 1917, a possible date; but if then, it would
be barred by the statute. It also charges that it was with-
in one year prior to the finding of the indictment, also a pos-
sible date. But to which of these allegations as to time was
the defendant to look in making his defense? Which, if
either, should he reject and treat as surplusage? In
*Mullens* v. *Commonwealth,* 115 Va. 945, the indictment
charged the offense to have been committed "*on the —— day
of —— in the year one thousand, nine hundred and ——*
and within the last two years." The words italicized were
regarded as surplusage, and the allegation of the time of the
sale was held sufficient. In that case there was no re-
pugnancy or inconsistency in the dates alleged; the words
supposed to be inconsistent might well have been treated as
surplusage. The blanks might have been filled to harmon-
ize with a period within two years. In *Jones* v. *Common-
wealth, supra,* an indictment alleging the offense to have
been committed on the —— day of July, 1865, which was
found at the May term 1865, but afterwards alleged in ex-
press terms to have been committed before the finding of the
same, was held good under section 130 Kentucky Criminal
Code. The "——day of July, 1865," in that case was of
course an impossible date and might well be treated, as it
was, as surplusage or as a clerical mistake appearing on its
face. In Indiana, where there is a statute similar to our
section 10 of chapter 158 of the Code, an indictment which
alleged the offense to have been committed on an impos-
sible date in the future, was held not cured by the statute.

*Terrell* v. *State,* 75 N. E. 884. In that case the indictment did not, as does the indictment in the case at bar, allege that the offense was committed within one year of the finding of the indictment, and it could not rightfully have been held that the allegation of the impossible date should be treated as surplusage. In *Hartwell* v. *State,* (Texas), 65 S. W. 520, it was decided that an indictment which charged that the offense was committed in two different years, when if committed in one of them the prosecution would have been barred, was fatally defective. In *Commonwealth* v. *Nailor,* 29 Pa. Super. Court, 275, it was decided that the date in an indictment charging an offense must not be uncertain, and two dates must not be laid for an offense completed on a single day. In *State* v. *Ingalls,* 59 N. H. 88, and *Commonwealth* v. *Bartilson,* 85 Pa. St. 482, it was held that an indictment must allege the time of the offense as of a day certain within the statute of limitations. In 12 Stand. Enc. Proc. 416, and 22 Cyc. 316, (d), the law of the cases cited, that an indictment charging two dates, one within and the other beyond the period of limitations, is bad, is adopted as the text of those authorities. And in 22 Cyc. 298, foot notes 8 and 9, it is said that, ''Repugnancy in a material matter is fatal to an indictment or information. This is true of repugnancy as to time and place.''

For such repugnancy in time, our conclusion from these authorities is that the indictment in the case at bar is bad, and that defendant's demurrer and motion to quash and his motion in arrest of judgment should have prevailed. The judgment will therefore be reversed and the indictment quashed; and seeing that no new indictment for the same offense can now be found within the period of limitation, the defendant must be discharged from further prosecution, and it will be so ordered.

*Reversed; Defendant discharged.*