# CHARLESTON.

### STATE v. JOE RUNYON.

### (No. C. C. 372)

Submitted January 19, 1926.   Decided January 26, 1926.

1.  INDICTMENT AND INFORMATION—*Indictment for Murder, Charging Commission of Offense Subsequent to Date on Which Indictment was Found, Held Fatally Defective.*

    An indictment is fatally defective which charges the commission of an offense *subsequent* to the date upon which the indictment is found. (p. 648).

    (Indictments and Informations, 31 C. J. § 213.)

2.  CRIMINAL LAW—*Where, on Indictment Charging Commission of Offense Subsequent to Date on Which Indictment is found, After Jury Retires to Consider Verdict, Court May Recall Jury, Order Juror Withdrawn, and Jury Discharged.*

    Where, upon such indictment the defendant pleads, a jury is sworn, evidence is taken, instructions given, arguments had, and the jury retires to consider its verdict, the court may, upon the motion of the state, or its own motion, recall the jury, order a juror to be withdrawn and that the jury be discharged. (p. 651).

    (Criminal Law, 16 C. J. § 401.)

3.  SAME—*Plea of Autrefois Acquit, Setting Up Former Jeopardy Under Fatally Defective Indictment, Should be Rejected.*

    A plea of autrefois acquit setting up the facts detailed in the second point, interposed in the trial of a new and proper indictment against the same person for the same offense, should be rejected. (p. 651).

    (Criminal Law, 16 C. J. § 401.)

    (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Question from Circuit Court, Mingo County.

Joe Runyon was prosecuted for murder, and, after holding a plea of autrefois acquit insufficient, the court certified a question.

*Ruling affirmed.*

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*Bronson & Straton,* for defendant.

LIVELY, JUDGE:

The trial court, on its own motion, certified its action in holding insufficient a plea of autrefois acquit tendered by the defendant, Joe Runyon.

Runyon was indicted for murder at the *April* term *1924* of the lower court. The indictment charged that the accused, "on the —— day of *December, 1924,* \* \* \* did slay, kill and murder one George Ooten".

Upon the trial of the case, defendant's demurrer to the indictment was overruled, and he entered a plea of not guilty. Evidence was taken, instructions given and arguments made. After the jury had retired to consider their verdict, the court, on motion of the State's attorney, directed the jury to be brought back from their room, permitted a juror to be withdrawn, and discharged the jury, to which action and ruling the defendant excepted.

At the April term 1925, the grand jury returned another indictment charging that the defendant "on the 23rd day of December, 1923, \* \* \* did slay, kill and murder one George Ooten". And at the following July term of the court the defendant filed his plea of autrefois acquit, which, upon motion of the State's attorney, was stricken from the record.

The question presented by this certification is, whether the first indictment upon which defendant was put on trial was a valid indictment and sufficient to sustain a conviction of the offense charged. If the formal accusation was insufficient to support a conviction of the crime charged, the defendant was not placed in jeopardy by the trial upon the defective indictment.

The great weight of authority in this country supports the rule that, in the absence of statute, an indictment is fatally defective if it charges the commission of an offense *subsequent* to the date upon which the indictment is found. 14 R. C. L. sec. 26, page 179; 31 C. J. sec. 213, page 683; note

in 6 Am. & Eng. Ann. Cases, page 854; *Terrell* v. *State,* 165 Ind. 443, and decisions there cited; *Shonfield* v. *State* (1925) 149 N. E. (Ind.) 53; *People* v. *Van Every,* 222 N. Y. 74, 118 N. E. 244.

"The general rule applicable to criminal procedure is that the time of the alleged commission of an offense, as stated in the indictment or information, must not be shown on the face of such pleading to be subsequent to the return of the indictment or the filing of the information, but must appear to be anterior or prior thereto.  If the time of the commission of the crime is disclosed to antecede the return of the indictment, then the time stated must not appear to be so long prior to the return as to bring the case beyond the statute of limitations, provided it is one to which the latter applies.  The general rule above asserted is one well settled by our own decisions and other authorities, except so far as it can be said to be abrogated by statute."  *Terrell* v. *State,* 165 Ind. 443, 75 N. E. 884.

The defendant contends that under Sec. 10, of Chap. 158, Code, which provides that no indictment shall be held invalid for omitting to state, or stating imperfectly the time of the commission of an offense, when time is not of the essence of the offense, the indictment was not defective and was sufficient to sustain a conviction of the crime charged.  Indiana has a statute very similar to Sec. 10 of Chap. 158, Code.  The Indiana law provides that, "No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed. * * * for any of the following defects. * * * Eighth. For omitting to state the time the offense was committed in any case in which time is not of the essence of the offense; nor for stating the time imperfectly, unless the time is of the essence of the offense."  In *Terrell* v. *State, supra,* it was held that the statute just quoted did not validate an indictment which alleged as the time of the commission of the offense, an impossible date such as a date in the future.

We have no direct decisions in this State on the question now presented, but the majority rule hereinbefore mentioned is approved by obiter dictum in at least two of our cases.  In *State* v. *Jones,* 53 W. Va. 613, 614, this court said: "The

date charged is immaterial, so it is not impossible, *or after the finding of the indictment,* or subject to the bar of the statute of limitations.'' And in *State* v. *Price,* 90 W. Va. 365, 367, Judge MILLER said: ''In Indiana, where there is a statute similar to our section 10 of Chapter 158 of the Code, an indictment which alleged the offense to have been committed on an impossible day in the future, was held not cured by the statute. *Terrell* v. *State,* 75 N. E. 884. In that case the indictment did not, as does the indictment in the case at bar, allege that the offense was committed within one year of the finding of the indictment, and it could not rightfully have been held that the allegation of the impossible date should be treated as surplusage.''

The defendant further contends that even though it should be held that it must appear from the indictment that the offense was committed prior to its finding, a formal statement to that effect is not necessary where the language used imports such fact. We are unable to perceive that the language used in the indictment of April, 1924, is in the least indicative that the offense charged was committed prior to the finding of the indictment.

Section 14, of Chapter 152 of the Code is cited by the defendant as bearing on the question under consideration. That section provides that: ''A person acquitted by the jury, upon the facts and merits on a former trial, may plead such acquittal in bar of a second prosecution for the same offense, notwithstanding any defect in the form or substance of the indictment or accusation on which he was acquitted.'' We are unable to see that this section is applicable to the case at bar. It is true, as a general rule, that after a jury is sworn, an accused may be said to be placed in jeopardy, and an improper discharge of the jury may then have the effect of an acquittal. But the mere swearing of the jury does not place the defendant in jeopardy if the indictment upon which he is placed on trial is so fatally defective that it would not support a conviction of the crime charged.

''A person is in legal jeopardy when he is put on trial, before a court of competent jurisdiction, *on an indictment or information which is sufficient in form and substance to sus-*

*tain a conviction,* and a jury has been charged with his deliverance, and a jury is said to be thus charged, when it is impaneled and sworn''—8 R. C. L. sec. 120, page 138. See also 16 C. J. sec. 376, page 241; *Commonwealth* v. *Wilcox,* 111 Va. 849; *Dulin's Case,* 91 Va. 718, 20 S. E. 821.

The weight of authority in this country supports the rule that an acquittal upon an indictment which is so defective that, if it had been objected to at the trial, or by motion in arrest of judgment, it would not have sustained a conviction or sentence, is insufficient to support a plea of former acquittal. 16 C. J. sec. 377, page 241. This rule has been changed in this State by the statute heretofore quoted, by providing that an acquittal by a jury upon the facts and merits may be pleaded in bar of a second prosecution for the same offense, notwithstanding any defect in the form or substance of the indictment. We interpret this statute to modify the general rule adhered to by the majority of the states, to this extent, that when a case has been fully developed before a jury and they have returned their verdict of acquittal upon the facts and merits of the case, then a defect in the form or substance of the indictment does not prevent the person so acquitted from pleading this acquittal in bar of a prosecution for the same offense. But a defendant to show himself entitled to the right ''must by the averments of his plea, if the facts do not otherwise appear in the record, bring his case within the terms of the section; that is, aver that his acquittal was upon the facts and merits.'' *Burress* v. *Commonwealth,* 27 Grat. 934. We do not understand this section to mean that where a defendant has been placed on trial upon a fatally defective indictment which would be insufficient to support a conviction, and before the jury has rendered a verdict of acquittal on the *facts* and *merits,* the jury may not be discharged from further consideration of the case. The statute has reference only to cases where there has been an acquittal on the facts and merits. There had not been such an acquittal in the case at bar.

The defendant's plea of autrefois acquit was properly stricken from the record, and we so answer the question certified.                                                     *Ruling affirmed.*