STATE OF WEST VIRGINIA

*v.*

JAMES WHITE RECTOR, JR.

(No. 9908)

Submitted May 6, 1947. Decided June 10, 1947.

*Capehart & Miller,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, and *J. Chandler Curd,* Assistant Attorney General, for defendant in error.

Fox, PRESIDENT:

At the April term, 1946, of the Criminal Court of McDowell County, James White Rector, Jr., was indicted for nonsupport of his wife and two children, under the provisions of Code, 48-8-1. There was a trial by jury, resulting in a verdict of guilty, and defendant, in lieu of any other penalty, was required to pay to his wife, Melba Lois Rector, the sum of one hundred dollars each month, beginning July 15, 1946, for her support and maintenance, and that of their two minor children, until the further

order of the court. Previous to the entry of this judgment, a motion to set aside the verdict and grant defendant a new trial had been made and overruled, to which action of the court defendant excepted at the time. The Circuit Court of McDowell County affirmed the judgment of the criminal court, and on November 18, 1946, we granted this writ of error.

The indictment is in two counts. The first count charges that defendant, on the _____ day of December, 1945, and within one year before the filing of the same, had, without just cause, unlawfully deserted and wilfully neglected and refused to provide for the support and maintenance of his wife, then and there in destitute and necessitous circumstances. The second count alleges that the said defendant "within one year from the finding of this indictment, in the County of McDowell aforesaid, on the _____ day of December, 1946, and from said date to the finding of this indictment, in said county, did without just cause unlawfully desert and wilfully neglect and refuse to provide for the support and maintenance of his infant children, * * * then and there in destitute and necessitous circumstances." It will be observed that, in the second count of the indictment, the offense is alleged to have been committed in December, 1946, whereas, the indictment was returned at the April term, 1946, of the criminal court of said county. The case was tried in July, 1946, and before a jury was impanelled for the trial, defendant interposed a demurrer and motion to quash the said indictment, which demurrer and motion were overruled. The record does not disclose the grounds of the demurrer, but in briefs filed it appears that such ground was the allegation that the offense charged was committed subsequent to the date when the indictment was returned.

The first question presented is whether the second count of the indictment, covering the alleged offense as to the children of defendant, is good on demurrer or motion to quash. Defendant bases his contention that the indictment is defective, and will not sustain the judgment en-

tered on the verdict against him, upon the case of *State* v. *Runyon,* 100 W. Va. 647, 131 S. E. 466. In that case defendant was indicted for murder at the April term, 1924, and the indictment charged that the accused "on the ........ day of December, 1924, did slay, kill and murder one George Ooten." In that case this Court held: "An indictment is fatally defective which charges the commission of an offense subsequent to the date upon which the indictment is found." A trial of the case on that defective indictment was commenced, and after the jury had retired to consider its verdict, it was recalled to the court room, a juror withdrawn, and the jury discharged. Defendant was again indicted for the same offense, and the defense of *autrefois* acquit was made. The court held that inasmuch as under the first indictment a verdict and judgment against the defendant could not have been sustained, he had never been in jeopardy.

A different rule seems to prevail with respect to misdemeanors. In *State* v. *Bruce,* 26 W. Va. 153, it was held: "An indictment for selling spirituous liquors, which fails to aver the date of the sale or that the sale was made within one year from the time the indictment was found by the grand jury, is fatally defective and will be held bad on demurrer," notwithstanding the provisions of the then statute, now Code, 62-2-10, covering defects not invalidating indictments, one of which is "omitting to state or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense." Of course, misdemeanors of the type charged in the indictment in the case at bar must be prosecuted by indictment or otherwise within one year from the commission of the unlawful act. Code, 61-11-9. In *State* v. *Davis,* 68 W. Va. 184, 69 S. E. 644, it was held: "An indictment against a druggist for the sale of intoxicating liquor is not bad for not specifying the day of sale, if it allege it to be within one year before the finding of the indictment." In *State* v. *Farley,* 78 W. Va. 471, 89 S. E. 738, it was held: "An indictment for the unlawful sale of intoxicating liquors, returned in January, 1915, in the form prescribed

by §3, Ch. 32-A, Code, operative since July 1, 1914, is not defective or invalid, on demurrer or motion to quash, for failure to state the time of the commission of the offense other than by the use of the statutory expression 'within one year next prior to the finding of this indictment'." However, in *State* v. *Price,* 90 W. Va. 365, 110 S. E. 819, the indictment charged that defendant "on the _____ day of _____, 1917; and within one year next preceding the finding of this indictment * * * in and upon one Ernest McCoy an assault did make," etc. It was there held that an indictment for a misdemeanor which alleges two possible but repugnant dates as the time of the commission of the offense, by one of which, if correct, the offense would be barred, was bad on demurrer, and should on motion of the accused be quashed, and that such defect in an indictment was not cured by Section 10 of Chapter 158, Code, (Code, 62-2-10). In that case the evidence disclosed that the offense was committed on January 30, 1920, and the indictment was returned on April 20, 1920. Obviously, on the face of the indictment, the statute of limitations had barred any prosecution.

There would seem to be some conflict between the *Davis* and *Farley* cases on the one hand and the *Price* case on the other, but on the whole we think the court did not err in overruling the demurrer and motion to quash. The indictment in the case at bar clearly charges that the offense was committed within one year from the finding of the indictment. Naturally, time was of the essence, because after the expiration of one year from December 15, 1945, the defendant could not be prosecuted for the offense here involved. We think the cases cited above, considered together, indicate clearly the policy of this Court to sustain indictments for misdemeanors, otherwise valid, where there is a clear allegation that the offense charged was committed within one year previous to the finding of such indictment, and this direct allegation will not be overcome by a mistaken date, where from all the circumstances, as here, such mistake appears to have been the result of a clerical error. The *Runyon* case presents the

clear-cut question of charging the commission of a capital offense on a date subsequent to the return of the indictment. Time not being of the essence of the offense where murder is charged, it was not important to allege the date when it was committed; whereas here, the indictment, while defective as to the year, does contain the necessary allegation with respect to the prior time within which the offense was committed. The alleged defect in the indictment did not, in our opinion, prejudice the defendant, inasmuch as he could not have been misled thereby.

There is little conflict in the testimony. The two witnesses were the defendant and his wife. The charge against defendant depends upon the testimony of the wife, Melba Lois Rector, and defendant's admissions. From the testimony of both, these facts are clearly established: Defendant was in 1943 inducted into the military service of the United States, and was discharged on December 15, 1945. During his period of service, his wife and two children resided in McDowell County. The wife was a teacher in the public schools of that county, and was earning a net monthly salary of one hundred forty dollars. From the defendant's military service, he had accumulated, as soldiers' savings, the sum of $208.00, which, on his discharge, he gave to his wife. From the defendant's military service pay, he had made an allotment to his wife, which with the government allotment to the wife and children, amounted to one hundred dollars a month. The wife received the December, 1945, and the last payment of this allotment in January, 1946. The defendant had also received one hundred dollars mustering-out pay at the time of his discharge, and received another such payment in January, 1946. The husband and wife spent some of their funds during the Christmas season of 1945, but at the end of that season, as the wife testified, she had $152.00 in bank, whether from her own earnings, or from money which she had received from her husband, is not shown. Subsequent to her husband's return, she continued her employment as a teacher. On January 26, 1946, defendant left McDowell County and went to Ohio. According to

the testimony of the wife, when he left home, he stated to her that he could not and did not want to live around Kimball any more; that he had a friend in Hershey, Pennsylvania, whom he had met in the army, and who had told him that if he ever wanted a job to come to Pennsylvania, and he would try to get one for him; and that he then said ·he thought that was the best thing to do, and left with the statement: "I will write you and let know when I see what I can find." The wife heard nothing from the defendant until March 10, 1946, when he wrote to her stating that he wanted a divorce, and that the reason he had not written was that he wanted a divorce, and said that he had consulted a lawyer. In his letter he stated he wanted to make arrangements for the support of the children, and sent her some character of a contract, which he requested her to sign. He offered to pay four dollars a week for each of the children, making a total of thirty-two dollars a month. In that letter he stated: "I will send the paper back that you have signed. If I can do better later on, I will try and do so." The wife did not reply to this letter, but went before the grand jury and the indictment herein resulted. It is in evidence that defendant sent $24.00 to his wife in April, 1946, and that he continued to contribute to the support of his children up to the date of his trial, sending his wife $32.00 in each of the months of May, June and July, 1946. These payments were made out of his salary of twenty-five dollars a week, as an employee in a grocery store in Ohio.

The civil liability of a husband to support his wife and children is not here involved. This is a criminal case, and to sustain a conviction the evidence introduced must show the guilt of the defendant beyond all reasonable doubt. We do not think the State has sustained this burden. The statute on which the indictment was returned provides: "Any husband who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife, in destitute and necessitous circumstances, or any parent who shall, without lawful excuse, desert or wilfully neglect or refuse to provide for

the support and maintenance of his or her legitimate or illegitimate child or children, under the age of sixteen years, in destitute and necessitous circumstances, shall be guilty of a misdemeanor * * *." Code, 48-8-1. It will be observed that to secure a conviction, the husband must desert without just cause, and that his neglect of his wife must be wilful. As to his children, he must desert without lawful cause, and wilfully neglect, and as to both destitute and necessitous circumstances must be shown.

It may be contended that the desertion on the part of defendant is clearly established, although it is arguable that when defendant left McDowell County he did not intend to desert his family. As to the wife, there is no showing that she was ever in destitute and necessitous circumstances; nor is it clear that the children were in such circumstances, although a child without a home, and no reliance for its support except from its mother, and by reason of her employment, not able to give it the needed care, can well be considered in destitute and necessitous circumstances. But defendant does not appear to have had the intention wilfully to neglect these children. He made payments for their support, though probably not sufficient, and promised that he would try to do better in the future. He invited a discussion with his wife as to what he should pay for their care. Instead of negotiating with him, she went before the grand jury, and on her evidence an indictment was returned against him. We do not, in all respects, approve or condone the conduct of defendant, but we think the evidence in this case fails to show that he meant wilfully to desert or neglect his children, and that such evidence falls short of that necessary to convict of the offense charged in the second count of the indictment. In our opinion, the evidence does not even preponderate in sustaining the State's case as to the first count, and certainly fails to establish beyond all reasonable doubt the allegations of the indictment in respect to his wife.

We therefore reverse the judgment of the Circuit Court of McDowell County, and that of the criminal court of

said county, set aside the verdict, and remand the case to the Criminal Court of McDowell County for a new trial.

> *Judgment reversed; verdict set aside; new trial awarded.*

KENNA, JUDGE, concurring:

I disagree with the conclusion of the majority concerning the sufficiency of the second count of the indictment. I agree with the majority opinion that in misdemeanor cases it is not necessary that the indictment state a specific date upon which the offense charged was committed, provided that it does allege that it took place within one year previous to the finding of the indictment. That is the holding in *State* v. *Davis,* 68 W. Va. 184, 69 S. E. 644, and *State* v. *Farley,* 78 W. Va. 471, 89 S. E. 738. Further information concerning the time of the occurrence could be obtained by the accused by requesting a bill of particulars. Time is certainly a material allegation in misdemeanor indictments and if its allegation, instead of being general, is unnecessarily exact, the pleader in a criminal case is required to make the proof conform to the allegations. Beale's Criminal Pleading and Practice, Paragraph 112. I do not agree that where the indictment expressly alleges that the offense took place on a named date subsequent to the finding of the indictment, that the specific allegation of an impossible occurrence can be cured by a general allegation of time, certainly not, as here, by an allegation that the offense took place "within one year *from* the finding of this indictment" (italics mine). It will be noted that the actual wording of the general allegation of time does not conflict with the specific allegation, since "from" includes both prospective and retrospective happenings.

I do not believe that there is conflict in the principles enunciated in the *Davis* and *Farley* cases and the holding in *State* v. *Price,* 90 W. Va. 365, 110 S. E. 819. In the *Price* case the offense was alleged to have been committed "on

the _____ day of _____, 1917, and within one year next preceding the finding of this indictment." The indictment was returned on April 20, 1920. This Court held that the allegation of the specific date was controlling and that since the offense charged was a misdemeanor the prosecution was barred because in spite of the general allegation that the offense occurred within one year next preceding the finding of the indictment, the specific allegation that it occurred in the year 1917 showed conclusively that the one year limitation had run. In the *Davis* and *Farley* cases there was no specific date alleged and this Court simply held that the allegation of "within one year" before or prior to the indictment was sufficient. In the *Price* case there was a specific date alleged and this Court said that the general allegation of "within one year next preceding the finding of this indictment" did not overcome the specific allegation, thereby following a well settled rule of pleading. It will not do to say that because it was not necessary to allege the actual or specific date upon which a misdemeanor was committed, that then if the date is alleged, the allegation may be treated as surplusage and need not be supported by proof. The reasoning of this Court in the case of *State* v. *Runyon*, 100 W. Va. 647, 131 S. E. 466, which involves facts which gave rise to exactly the same principle as here, in my opinion, is ignored in the majority opinion. The *Runyon* case involved murder and the majority opinion states that a different rule prevails with respect to misdemeanors. The *Runyon* opinion draws no such distinction, as does not its first syllabus point, quoted in the majority opinion, as follows:

> "An indictment is fatally defective which charges the commission of an offense *subsequent* to the date upon which the indictment is found."

We have an indictment before us now.

Code, 62-2-10, provides that no indictment shall be deemed invalid for "* * * omitting to state, or stating imperfectly, the time at which the offense was committed, when time is not of the essence of the offense * * *." Here

the majority opinion states expressly that time *is* of the essence of the offense. With such statement I do not agree for the reason that the statute of limitations is no part of the definition of the crime charged. It applies only to the remedy. However, the inconsistency of the position of the majority lies in stating that the statute enacted for the very purpose of singling out the instances where minor mistakes in an indictment do not make it bad, does not apply, but, nevertheless holding that the admittedly bad allegation of time in the indictment before the court, although relating to the essence of the offense, is to be overlooked.

I am authorized to say that Judge Lovins agrees with this concurrence.