## Richmond.

BLUE RIDGE LIGHT & POWER COMPANY v. TUTWILER.

November 22, 1906.

Absent, Buchanan, J.

1. PLEADING—*Declaration—Negligence—How Charged.*—A declaration in tort is sufficient if it shows the relations existing between the plaintiff and the defendant, and points out the breach of duty owing by the defendant to the plaintiff which is the proximate cause of the injury complained of, or makes such averments of the circumstances under which the plaintiff was injured as will show the existence of the duty which it is claimed has been neglected, and which neglect caused the plaintiff's injury.

2. BILL OF PARTICULARS—*Refusal to Require—Showing on Record.*—If the record shows that the defendant moved the court to require the plaintiff to file a bill of particulars, that the court overruled the motion, and that the defendant excepted to the ruling of the court, this is all that a bill of exception would have shown, and is sufficient without filing any bill of exception.

3. BILL OF PARTICULARS—*Discretion of Trial Court.*—There is no inflexible rule in respect to requiring a bill of particulars to be filed. It is a matter resting in the sound judicial discretion of the trial court, and its action will not be reviewed unless plainly erroneous.

4. STREET RAILWAYS—*Negligence—Case at Bar.*—The evidence in this cause does not establish negligence on the part of the defendant company, whose street car ran upon a vehicle in front of it and on its track. The defendant was using its rails in a lawful manner, and when it found that the wheels of its car were sliding on the rails through no alleged fault of its own, its employees, who were at their posts, with a car properly equipped, and all of its appliances in good condition, gave timely warning to the plaintiff, put on the brakes, reversed the current, put sand on the rails, and used every means in their power to stop the car and avoid injury to the plaintiff.

Error to a judgment of the Circuit Court of Augusta county,

in an action of trespass on the case.    Judgment for the plaintiff.    Defendant assigns error.

*Reversed.*

The declaration in this case, which was held to be sufficient, was in the following words and figures—to-wit:

"In the Circuit Court of Augusta County—Augusta County, to-wit:

"Samuel H. Tutwiler complains of the Blue Ridge Light and Power Company of a plea of trespass on the case, for this, to-wit: that heretofore, to-wit: on the 9th day of September, 1905, at the time of the committing of the grievances hereinafter complained of, the defendant was the owner and occupier of a certain street railway track running through the city of Staunton, along Augusta street, and over and along which the said defendant ran and operated its street cars run by electricity, for the purpose of carrying passengers; and it was the duty of the said defendant to run and operate its said cars through its agents and employees, with due care and caution, so as not to run against wagons or persons traveling along the said street on, at or near the track of the said railway, and especially to so control, operate and manage its said cars as not to injure persons or to injure or damage wagons or horses traveling along the said street; but the said plaintiff says that the said defendant disregarded its duty, and the said plaintiff says that, to-wit: on the day aforesaid, to-wit: the 9th day of September, 1905, the said plaintiff was, in the exercise of due care on his part, riding in his two-horse wagon, and driving two horses belonging to him hitched to said wagon, south along the said Augusta street in the city of Staunton, and that the street on both sides of the street railway track was crowded or blockaded with wagons and horses, and that in passing along said Augusta street, between Frederick street and Main or Beverley street, it was necessary for the plaintiff to drive in the middle of the street along the defendant's street railway track; and

said plaintiff says that while he was driving along said track, where he had the lawful right to be, and while in the exercise of due care and caution, that the said defendant company, through its agents and employees, was running and operating a certain one of its cars along said street railway track going south and behind said plaintiff's wagon on Augusta street; and said defendant, through its agents and employees, carelessly, negligently and recklessly ran its said car against the hind end of the said plaintiff's wagon on said Augusta street, between Frederick street and Main or Beverley street, and with such force and violence that it smashed the said wagon and ran forward on the horses hitched thereto, stunned, bruised, injured and seriously and permanently damaged the said plaintiff and injured the said plaintiff's said horses, and particularly injured one of the said horses hitched to the said plaintiff's wagon, and seriously and permanently injured one of the horses hitched to the said wagon so that the same was disabled altogether; and the said plaintiff says that his wagon was rendered altogether worthless; that the wagon was damaged to the extent of $50, and the damages to the said horses was, as plaintiff avers, $100; and said plaintiff says that he expended the sum of $30 in having said horse cared for and treated by a veterinary surgeon; and said plaintiff says that during the illness of the said horse that he lost the services of the said horse and thereby sustained special damages to the amount of $25; and the said plaintiff says that he was seriously and permanently injured and damaged, and says that the damages and injuries aforesaid were the result of the said neglect of the said defendant company, through its agents and employees, and that he has sustained damages therefrom to the extent of $1,000; to the damage of the said plaintiff $1,000; and therefore he brings his suit."

Charles Curry, p. q.

*J. M. Perry,* for the plaintiff in error.

*Charles Curry,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Samuel H. Tutwiler to recover damages for injuries alleged to have been occasioned the plaintiff by the negligence of the defendant street car company. The jury returned a verdict for the plaintiff, which the Circuit Court, on motion of the defendant, refused to set aside. The judgment rendered upon that verdict is now before us for review.

The grounds of error assigned are:

(1) That the demurrer to the declaration should have been sustained.

(2) That the motion of the defendant to require the plaintiff to file a bill of particulars should have been sustained.

(3) That the verdict should have been set aside as contrary to the law and the evidence.

We are of opinion that the demurrer to the declaration was properly overruled.

In the case of *Hortenstine* v. *Virginia-Carolina Ry. Co.,* 102 Va. 919, 47 S. E. 996, which is relied on in support of the demurrer, it is said: "The declaration must show that from the relation existing between the plaintiff and the defendant a legal duty was owing from the latter to the former, the failure to discharge which caused the injury for which the action is brought, or make such averments as to the circumstances under which the plaintiff was injured as will show the existence of the duty which it is claimed has been neglected, and which neglect has caused the plaintiff's injury."

In the declaration before us the relation between the plaintiff and the defendant as occupants of the public highway is made clearly to appear. The declaration avers fully and distinctly the duty of the defendant to the plaintiff, the breach of that

duty, and the injuries resulting from that breach.   The negligence of the defendant company, which was the breach of the duty alleged, is averred to be, that while the plaintiff, in the exercise of reasonable care on his part, was driving his wagon and horses along the street where he had a right to be, the defendant, through its agents and employees, had carelessly, negligently and recklessly run its car against the rear end of the plaintiff's wagon with such force and violence as to cause the injuries complained of.   If the averments of the declaration were admitted, there would be no difficulty in rendering judgment upon them for the plaintiff.

We are also of opinion that there was no error in the refusal of the Circuit Court to require the plaintiff to file a bill of particulars.   It is insisted that this assignment of error cannot be considered because the ruling of the court was not made part of the record by a bill of exception.   The order of the court shows that the defendant moved that the plaintiff be required to file a bill of particulars, that the court overruled its motion, and that the defendant excepted to the court's action.   This is all that a bill of exception would have shown, and it is sufficient.   *Driver* v. *Southern Ry. Co.,* 103 Va. 650, 49 S. E. 1000.

There is no inflexible rule with respect to requiring a bill of particulars to be filed.   It is a matter resting in the sound judicial discretion of the court, and its action will not be reversed unless plainly erroneous.   *Driver* v. *Southern Ry. Co., supra.*

In view of the full and clear statement of the plaintiff's case made in the declaration we do not see that the defendant could have been prejudiced by the refusal of the court to require a bill of particulars to be filed.

We are further of opinion that the Circuit Court erred in refusing to set aside the verdict.   The evidence, which is without conflict as to any material fact, wholly fails to show that the defendant has, by any act of negligence, rendered itself liable to the plaintiff for the injuries of which he complains.

The record shows that at the time of the accident Augusta street, between Frederick and Main streets, was so crowded with wagons standing on both sides of the street car track that only space enough for a car to pass was left. Into this narrow passageway the plaintiff turned with his wagon from Frederick street, going south and down grade in the direction of Main street. The street car, going south down Augusta street, followed at once, close in the rear of the plaintiff. Immediately in front of the plaintiff in this narrow passageway, going in the same direction, was a road wagon. As soon as the car crossed Frederick street and started very slowly down Augusta street, between the file of wagons mentioned on either side, its wheels commenced slipping on the rails, as if moisture or grease was upon them. The motorman realized at once that the wheels were sliding on the rails and that the car was beyond his control, and he commenced immediately to sound his gong and to call to the plaintiff to get out of the way. The current was reversed and sand freely applied to the rails. Finally the plaintiff was reached, and the front of the car, which was still moving slowly, pushed up against the rear of plaintiff's wagon and pushed it along some fifteen or twenty steps until the pole of the wagon came in contact with the rear of the road wagon in front, snapping the pole to plaintiff's wagon, causing one horse to fall and the plaintiff to fall off of his seat backwards into his wagon. The resulting injury both to the person and property of the plaintiff appears to have been comparatively slight, he not finding it necessary to call in a doctor.

These facts furnish no suggestion of negligence on the part of the defendant. The company was using its rails for the passage of its car in a lawful manner; when it found that the wheels were sliding on the rails, through no alleged fault of its own, its employees, who were at their posts with a car properly equipped and all of its appliances in proper condition, put on the brakes, reversed the current, put sand on the rails, and used every means in their power to stop the car and avoid injury to

the plaintiff.   The verdict of the jury was not warranted by the facts proved, and was contrary to the law as laid down by the court, without objection, for their guidance.

For these reasons the judgment complained of must be reversed, the verdict set aside and the cause remanded for a new trial.

*Reversed.*