# CHARLESTON

## STATE V. BAILEY.

Submitted November 18, 1914.   Decided December 8, 1914.

1. SALE OF LIQUORS.

   The principal points. of error presented in this case, on an indictment for selling spirituous liquors, and ''Bevo'', a drink of like kind and nature, are fully covered and controlled by *State* v. *Henry,* 74 W. Va. 72, 81 S. E. 569, hereby re-affirmed.   (p. 250).

2. INDICTMENT AND INFORMATION—*Bill of Particulars.*

   On such an indictment the defendant may not as a matter of right demand of the State a bill of particulars.   The defendant in such cases is fully protected by practice available on the trial. *State* v. *Lewis,* 69 W. Va. 472, distinguished.   (p. 251).

   (LYNCH, JUDGE, absent.)

Error to Circuit Court, Lewis County.

Mark Bailey was convicted of an illegal sale of liquor, and brings error.

*Affirmed.*

*Brannon & Stathers,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, and *Chas. P. Swint,* for the State.

MILLER, PRESIDENT :

Indicted in two counts for unlawfully selling, offering and exposing for sale spirituous liquors, and ''Bevo'', being a drink of like kind and nature to spirituous liquors, &c., and found guilty as charged, by the verdict of the jury, and adjudged to pay a fine and be imprisoned in the county jail for the period of four months, defendant has brought error to this court.

Upon the hearing here, the attorney general only has filed a brief, the case being apparently abandoned by plaintiff in error.

Outside of one or two questions presented by the assignments of error, the case is fully covered, in its facts and the

legal principles applicable thereto, by the recent case of
*State* v. *Henry,* 74 W. Va. 72, 81 S. E. 569, and as we think
there is no merit in the other points of error assigned, we are
of opinion to affirm the judgment below on the principles of
the Henry Case, taking note only of the additional points re-
ferred to.

The first of these points is that the court below erred in
denying defendant's motion to require the State to file a
bill of particulars, agreeably to the rule of *State* v. *Lewis,* 69
W. Va. 472. We do not think the rule of that case applicable
to a case like this. As Judge BRANNON says in that case:
"The right cannot in every case be used. It can only be
exercised where the law allows a general statement in the
pleading, but justice demands further information of the
demand or accusation. It is a matter of sound, but not
arbitrary discretion." The Lewis Case was one of alleged
larceny. While the practice in cases like this admits of
general statements, defendant is fully protected against sur-
prise. Long standing practice admits evidence of any unlaw-
ful sales within a year prior to the finding of the indictment,
but requires the State, on motion, to elect which of the sales
proven it will rely on for conviction, and then requires the
court to instruct the jury to disregard all other sales. This
we think is all defendant in such cases can lawfully require.
*State* v. *Chisnell,* 36 W. Va. 659, and cases cited; *State* v.
*Calhoun,* 67 W. Va. 666; *State* v. *Davis,* 68 W. Va. 184.
Moreover, a recent Virginia case, agreeably to general prin-
ciples of practice, holds that the judgment of the trial court
will not be reversed for refusing to require a bill of par-
ticulars unless plainly erroneous. *Blue Ridge Light, &c. Co.*
v. *Tutwiler,* 106 Va. 54, following prior decisions, cited, in the
same State.

The other point is that the court below denied defendant's
motion for a continuance. We have examined the record on
this motion and can find no abuse of the discretion of the
court in such cases.

We, therefore, affirm the judgment.

*Affirmed.*