# CHARLESTON.

## STATE v. JARRELL.

Submitted May 5, 1915.   Decided May 18, 1915.

1. INDICTMENT AND INFORMATION—*Joinder of Offenses—Demurrer.*

   Joinder of two or more offenses of the same general nature in an indictment is not ground of demurrer. The accused has ample protection. from embarrassment by means thereof in his right to require an election by the state, as to which of the alleged offenses it will rely upon for conviction. (p. 265).

2. SAME—*Duplicity—''Formal Defect.''*

   The duplicity incident to the joinder, in a single count in an indictment, of two or more misdemeanors of the same general nature and subject to the same punishment, is a formal defect from which sec. 10, ch. 158, Code, serial sec. 5559, relieves. (p. 265).

3. SAME—*Duplicity—Carrying Weapons—Sufficiency.*

   . An indictment charging the accused in a single count, with the unlawful carrying about his person, of certain revolvers, pistols, dirks, bowie knives, slungshots, billies, metallic and other false kunckles and other dangerous and deadly weapons, without a license therefor, as required by law, is sufficient. (p. 265).

4. CRIMINAL LAW—*Reception of Evidence—Rebuttal.*

   Though perhaps not cause for reversal, the admission in rebuttal, of testimony of a prosecuting witness to the effect that he had given to the grand jury the names of other persons, as witnesses for the state, who had, as witnesses in the trial, disavowed any knowledge of the guilt of the accused, is erroneous. (p. 266).

5. SAME—*Evidence—Capiases and Returns.*

   Capiases for the accused in a criminal trial and the returns thereon are not parts of the record. To be available as evidence in the trial, they should be introduced as such, that the opposite party may know they are to be relied upon. (p. 266).

6. . SAME—*Ground for Reversal—Argument—Documents Not in Evidence.*

   Allowance of the use, in the argument, of such writs and returns, not so introduced, for the purpose of showing incriminating conduct on the part of the accused, accompanied by refusal of permission to rebut or repel the charge of such conduct, is reversible error. (p. 266).

Error to Circuit Court, Boone County.

J. M. Jarrell was convicted of carrying a pistol, and brings error.

*Reversed and remanded for new trial.*

*Chas. L. Estep,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

POFFENBARGER, JUDGE:

Sufficiency of the indictment on which the plaintiff in error was convicted of the carrying of a pistol, in violation of the statute, is denied, on the theory that it charges several offenses in a single count; the averment being that the prisoner unlawfully carried "certain revolvers and other pistols, dirks, bowie knives, slungshots, billies, metalic and other false knuckles and other dangerous and deadly weapons of like kind and character," without a state license therefor as required by law.

Though the practice illustrated here may be a departure from that anciently required and observed, it is sustained by the overwhelmning weight of modern authority. The decisions cited in support of the text in 22 Cyc. p. 308, show it to have been recognized in thirty-two of the American states. The rule or principle enunciated by them is stated as follows in Cyc.: "So where a penal statute mentions several acts disjunctively and prescribes that each shall constitute the same offense and be subject to the same punishment, an indictment may charge any or all of such acts conjunctively as constituting a single offense." In conformity therewith, indictments under statutes regulating the sale of intoxicating liquors, charging sales of all the various kinds of liquors, sales of which without a license were inhibited, have been sustained, although the sale of any one of them and every separate sale of each kind, constituted an offense. *Teft* v. *Com.,* 8 Leigh 721; *State* v. *Swift,* 35 W. Va. 342; *State* v. *Boggess,* 36 W. Va. 713.

Intimations of disinclination on the part of this court to extend the practice beyond indictments under such statutes must be taken subject to a test of the principle, if any, on

which it rests. Considerations of convenience and expedition
in prosecutions for offenses, on the one hand, and undue
burdens upon the accused or exposure of his liberty or rights
to peril, on the other, are to be noted and observed in the
inquiry. If the practice simplifies and expedites prosecutions,
without substantial detriment to the accused, it is justifiable,
though violative of ancient strictness in pleading; for the
purpose of all procedure in criminal cases as in others, ought
to be achievement of correct legal results in the shortest and
easiest manner. That the adoption of this simple method is
not substantially prejudicial to the rights of the accused is
the clear concensus of opinion among American jurists.

The inclusion of more than one felony of the same general
nature in a single indictment is not ground of demurrer at
common law. *State* v. *Blakeney,* 96 Md. 711; *State* v. *Mc-
Nally,* 55 Md. 559; *Strahern* v. *State,* 37 Miss. 422; *U. S.* v.
*West,* 7 Utah 437; *Pointer* v. *U. S.,* 151 U. S. 396. Such a
joinder is improper, but the remedy for the defect is a motion
to require an election by the state, not a demurrer or motion
to quash or arrest of judgment. If the offenses are of the
same nature, they may be joined, though they differ in degree.
*Lazier* v. *Com.,* 10 Gratt. 708; Arch. Crim. Proced. 310.
At common law, several misdemenors may be joined by the
use of different counts, if they are of the same nature and
subject to similar punishments, and perhaps whether similar
in nature or not. Arch. Crim. Proced. 311, note; *Young* v.
*Rex,* T. R. 98. In view of this rule, the argument *ab incon-
venienti* wholly fails. As the accused may be charged with
two or more offenses in one indictment, by the use of several
counts, he must prepare to meet all of them, when he is so
charged.

Joinder of two or more offenses in the same count has
always been condemned, because violative of the technical
rule forbidding duplicity. But that rule is not designed for
the protection of the accused. Its purpose is to require ob-
servance of mere matter of form, for avoidance of prolixity
and confusion and in the interest of convenience and good
form. *Sweeney* v. *Baker,* 13 W. Va. 158, 200; *Coyle* v. *B.
& O. R. Co.,* 11 W. Va. 94; Bouv. L. Dict. It was always
more objectionable in pleas than in declarations or indict-

ments, because, at common law, several defenses could not be interposed at the same time. They had to be put in separately and successively. Our statute permitting a defendant to plead as many several matters of law or fact, as he shall think necessary, renders it less obnoxious in pleas that it formerly was and reduces it to a defect of form only, except in the cases of dilatory pleas. Being such in an indictment, as well as in a declaration or an ordinary plea, another statute renders it there innocuous on demurrer. Sec. 10, ch. 158, Code, serial sec. 5559, after specifically relieving from numerous formal defects, declares no indictment or other accusation shall be quashed or deemed invalid ''for the omission or insertion of any other words of mere form or surplusage.'' Though the opinion filed in *Teft* v. *Com.,* 8 Leigh 721; *State* v. *Hall,* 26 W. Va. 236, and other cases do not state at length the principle upon which the decisions are based, the text writers and annotators refer them to the one here stated, namely, statutory relief from defects in matters of form, and it applies to this indictment as fairly and logically as to those made under the statute regulating sales of liquors. Considerations of mere convenience and orderly appearance in the administration of justice are rapidly losing their weight in the opinions of courts, lawyers, laymen and legislators.

Rebuttal testimony of the prosecuting witness to the effect that he had given the grand jury the names of two others, as witnesses for the state, who had testified on the trial that they had been present on the occasion of the alleged offense and had not seen any pistol in the possession of the accused, was admitted over his objection. This fact was a self-serving act of the witness, put in for the purpose of strengthening his credibility. It bears no relation to any question of time or circumstance dependent upon the recollection of witnesses, as did the declarations admitted in *Roane Lumber Co.* v. *Lovett,* 72 W. Va. 328, and no principle justifying its admission is recalled or has been brought to our notice in the argument. Whether its admission was reversible error, it is unnecessary to inquire, since the judgment must be reversed for another error.

On the argument of the case, the prosecuting attorney was

permitted, over the objection of the accused, to produce to the jury a number of capiases and the returns thereon, for the purpose of showing, as incriminating conduct on the part of the latter an evasion of process, and, after having permitted this to be done, the court refused to allow him to prove he had voluntarily surrendered himself to the officer. The prosecuting attorney's position was upheld by the trial court upon the erroneous assumption that the capiases are parts of the record. They are not. In an action at law in which the defendant has appeared, the writ is no part of the record, unless made so on oyer. *Lambert* v. *Ensign Mfg. Co.,* 42 W. Va. 813, 816. Not being parts of the record, nor having been introduced in evidence, they could not properly be considered by the jury. If the action of the court in permitting them to be laid before the jury, in the course of the argument, can be regarded as an admission thereof in evidence, such admission wrought a surprise upon the accused. Had he been advised of the purpose to rely upon them as evidence, he might have been prepared to show conduct on his part entirely consistent with his innocence. He may have been absent from the county and ignorant of both the indictment and the process against him, or, being in the county, there may have been no effort to find him. These manifest errors may have led the jury to their conclusion of his guilt, the oral evidence having been conflicting, two witnesses avowing their ignorance of the alleged act and another positively asserting it, and all having been present on the occasion. In such a state of the evidence, a circumstance indicative of guilt is often decisive, though not in itself entitled to much weight. Denial of right to meet and rebut this new phase of the case, suddenly sprung, cannot be justified on the ground of discretion in the court. In opening the case to one party, after both have rested, reason, fairness and justice demanded that it be opened to the other also.

For these errors, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded for new trial.*