# CHARLESTON.

## STATE v. LEE BAKER.

Submitted January 30, 1923.        Decided February 6, 1923.

1. CRIMINAL LAW—*Accused May Require State to Elect Sale of Liquor Upon Which it Will Stand, Where Evidence Proves Several Sales.*

    Where under an indictment, consisting of one count, which charges the defendant generally with unlawfully manufacturing, (other than by moonshine still), selling, offering, keeping, storing, exposing for sale, soliciting and receiving orders for liquors, the state offers evidence tending to prove two or more sales within the period covered by the indictment, at the close of the state's evidence, the defendant has the right to require the state to elect the sale upon which it will stand for conviction. (p. 57).

2. SAME—*Evidence Tending to Prove Other Sales of Intoxicating Liquors Incompetent.*

    Such motion being made, and the state having made its election, on further motion of defendant so to do, all evi-

dence tending to prove sales other than the one upon which the state has elected to- stand for conviction should be excluded, and a failure to exclude such evidence, upon proper motion, is error.  (p. 57).

(McGinnis, Judge, absent).

Error to Circuit Court, Mercer County.

Lee Baker, was convicted of unlawfully manufacturing (other than by moonshine still), selling, offering, keeping, storing, and exposing for sale, and soliciting and receiving orders for liquors, and he brings error.

*Reversed and remanded.*

*W. H. Malcolm* and *Ajax T. Smith,* for plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General and *W. G. Brown,* Com'r. of Prohibition, for the State.

MEREDITII, JUDGE:

Defendant was convicted in the Criminal Court of Mercer County upon an indictment charging him with unlawfully manufacturing, (other than by moonshine still) selling, offering, keeping, storing and exposing for sale and soliciting and receiving orders for liquors; and he obtained a writ of error from this court.

As evidence for prosecution, the state introduced two witnesses, both of whom claimed to have purchased liquor from defendant within one year prior to the indictment.   One of them, Roby Epling, testified that he bought liquor from defendant on two occasions, once near defendant's home in the vicinity of Spanishburg, and some time later at a point on the Athens road.   On the first occasion he received about a half-gallon of liquor, which was his compensation for hauling defendant to his home in an automobile; and on the second occasion, that is, on the Athens road, he purchased about one gallon, for the price of $16.00.   The other witness for the state, Basil Lilly, also testified to having purchased liquor from defendant at two or three different times and places.   At

the close of the state's evidence, the court, on motion of the defendant, required the state to elect upon which particular sale, it would elect to try defendant. The state responded by electing to rest its case upon the sale to Roby Epling on the Athens road. At this juncture, defendant, by his counsel moved the court ''to exclude all of the evidence in this case given by the witness, Basil Lilly, and ask the court to instruct the jury to consider only that part of the evidence of the witness Roby Epling which has been introduced in the case relating to the sale on the Athens road.'' This motion was overruled and defendant excepted.

With the exception of the testimony of the defendant, himself, in which he denied absolutely ever selling or giving any liquor to Epling, the evidence for the defense consists for the most part of attempts to break down the state's evidence by impugning the character and reputation of the prosecuting witnesses.

The verdict and judgment are assailed by twelve assignments of error. Nine of these involve rulings of the trial court upon the admissibility of testimony and the examination of witnesses. As we see no error in the rulings complained of, we deem it unnecessary to consider them.

The first and second errors assigned, however, present what we think amounts to ground for reversal. The first is an exception to the ruling of the trial court on defendant's motion, heretofore quoted, to exclude all of the state's evidence of sales of liquor, save that relating to the particular sale relied on for conviction, the sale to Epling on the Athens road. The second assignment of error relates to two instructions which were refused, and which if given, would have directed the jury not to consider in any way any evidence of sales of liquor other than the sale on the Athens road. The two assignments of error, therefore, embrace the same propositions.

As we understand the position of counsel for the state, in this court, they do not undertake to controvert the right of the defendant to force an election on the part of the prosecution as to which particular offense is to be relied on for

conviction. This is a right securely established in this state. "Long standing practice admits evidence of any unlawful sales within a year prior to the finding of the indictment, but requires the State, on motion, to elect which of the sales proven it will rely on for conviction, and then requires the state to instruct the jury to disregard all other sales. This we think is all defendant in such cases can lawfully require. *State* v. *Chisnell,* 36 W. Va. 659, 15 S. E. 412, and cases cited; *State* v. *Calhoun,* 67 W. Va. 666, 69 S. E. 1098; *State* v. *Davis* 68 W. Va. 184, 69 S. E. 644." *State* v. *Bailey,* 75 W. Va. 250, 83 S. E. 910. Their contention, as we read their brief, is that in the particular case at bar the motion was improper because of its too sweeping scope, its lack of particularity. To support the proposition they cite decisions holding that in case the evidence of a witness or party contains some proper or competent matter, it should not be stricken out as a whole because of some incompetent matters it may contain. This is a sound proposition, but not applicable here. We fail to see any thing in the evidence which would be stricken out under the motion which has any bearing on the sale of liquor to Epling on the Athens road. The motion was to exclude all the testimony of the witness Basil Lilly, and so much of the evidence of Epling as did not pertain to the sale on the Athens road. A review of the testimony of Lilly shows that, aside from the usual introductory remarks, it relates wholly to his alleged purchases of liquor from defendant, purchases having no relation to the sale upon which the state elected to prosecute. We think the motion was properly phrased and should have been allowed.

As stated above, the two instructions refused cover the same principles. They are Nos. 9 and 10 and are as follows:

> No. 9. "The court instructs the jury that you should not consider in any way against the prisoner any evidence of any sales of liquor in this case other than the sale to the witness, Roby Epling, on which the State has elected to try the defendant."

> No. 10. "The court instructs the jury that they should not consider against the prisoner any evidence

of any sale of liquor to the witness, Basil Lilly, mentioned in the evidence.''

The justification offered for their refusal is that they are covered sufficiently by defendant's instructions Nos. 6 and 7 given. The two instructions given simply informed the jury that the state had elected to try the defendant upon the Athens road purchase, and that to retain a verdict of guilty they must be convinced beyond a reasonable doubt that defendant made the sale in question. Obviously, the instructions refused, embraced additional elements. They had to do with what the jury should consider in becoming convinced of defendant's guilt beyond a reasonable doubt. There is the possibility that a juror, being unskilled in separating the relevant from the irrelevant, might be misled, were he not advised as to the impropriety of his considering the evidence of other sales of liquor, incidents unrelated to the offense relied upon for conviction. ''If, upon the trial of a warrant for selling liquor without a license to several persons, the commonwealth elects to prosecute for a sale to one only, it can not upon that warrant prosecute the accused for selling to any other person, nor prove sales to others in aid of its proof that he was guilty of the offense for which he was being prosecuted.'' *Devine* v. *Commonwealth,* 107 Va. 860, 60 S. E. 37, 13 Ann. Cas. 361. See also, *State* v. *Bailey, supra.*

Having elected to try defendant upon the one offense, evidence of other alleged sales should have been excluded from the jury's consideration, and it was error to refuse the instructions offered. Judgment reversed, verdict set aside, and new trial awarded.

*Reversed and remanded.*