## CHARLESTON.

STATE *v.* HARRY VAUGHAN.

Submitted March 20, 1923.   Decided March 27, 1923.

1.  INDICTMENT AND INFORMATION—*Count Omitting Conclusion
    "Against Peace and Dignity of the State" Fatally Defective.*

    Under section 8, Article II of the Constitution each count in
    an indictment must  have  as  a  conclusion,—"against the
    peace and dignity of the State", and a count omitting such
    conclusion is fatally defective.   (p. 422).

2.  SAME—*Averments in one Count Cannot Aid Defects in An-
    other; Reference in one  Count  to  Another Must be so
    Clear and Distinct as to Incorporate the Matter Referred
    to in the Count to Which Reference Made.*

    Generally, each count in an indictment must be sufficient in
    itself to make a complete indictment, and averments in one
    count can not aid defects in another count; but to some
    extent repetitions may be avoided by referring from one count
    to another.  In such case the reference must be so clear
    and distinct as in effect to incorporate the matter referred
    to in the other count with the matter in the count in which
    the reference is made.   (p. 422).

3.  SAME—*Reference in Second Count to Date of Crime in First
    Count Held Sufficient.*

    The first count in an indictment alleged that defendant, "on
    the first day of September, 1921, and within one year next

prior to the finding of this indictment, did unlawfully have in his possession a certain quantity of 'moon-shine liquor'". The second count charged that defendant, "on the day and year aforesaid, in said county, did unlawfully manufacture, sell, offer, keep, store, and expose for sale and solicit and receive orders for liquor and absinthe and drinks compounded with absinthe." The reference in the second count to the date alleged in the first count is sufficiently clear and distinct and charges that the offenses mentioned in the second count were committed on the 1st day of September, 1921, and the time is sufficiently laid. (p. 422).

4.  SAME—*Defective First Count Immaterial, Where State Elected to Try Defendant on Second Count.*

The fact that the first count is fatally defective for want of a proper conclusion and that during the course of the trial the state elected to try the defendant upon the second count makes no difference; for the purpose of aiding the allegation of time in the second count, the first count remained a part of the indictment. (p. 422).

5.  SAME—*"Duplicity", or "Double Pleading", Defined; Count not Subject to Demurrer or Motion to Quash Because of Duplicity.*

Duplicity, or double pleading, consists in stating for one purpose two or more distinct grounds of complaint or defense, when one of them would be as effectual in law as both or all; it is a fault, but one of form only; and a count in an indictment charging the commission of two or more misdemeanors, though faulty because of duplicity, is not subject to demurrer or motion to quash on that ground. (p. 424).

6.  CRIMINAL LAW—*Defendant May Compel State to Elect on Which of Two Offenses Charged in Indictment it Will Rely for Conviction; Where Evidence Tends to Prove But one of Offenses Charged in Indictment. Refusal of Defendant's Motion to Require Election not Erroneous.*

Upon a trial on a count in an indictment charging two or more misdemeanors, if the state offers evidence tending to prove the commission of two or more of the offenses charged, the defendant, at the close of the state's evidence, may compel an election of the offense on which the state will rely for conviction; but if the evidence tends to prove the commission of but one of the offenses charged, there is no necessity of a formal election on the record, and to refuse defendant's motion to require an election on the part of the state is not error. (p. 425).

Error to Circuit Court, Mingo County.

Harry Vaughan was found guilty of an offense against the prohibition laws, and he brings error.

*Affirmed.*

*James Damron,* for plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, and *W. G. Brown,* for the State.

MEREDITH, JUDGE:

Defendant was found guilty of an offense against the prohibition laws and assigns error.

The indictment returned September 10, 1921, is in two counts, as follows:

> ".State of West Virginia,
>   Mingo County, to-wit:
>   IN THE CIRCUIT COURT OF SAID COUNTY.
>
> The grand jurors, in and for the body of the County of Mingo, and now attending said court, upon their oaths do present that Harry Vaughan, on the 1st day of September, 1921, and within one (1) year next prior to the finding of this indictment, did unlawfully have in his possession a certain quantity of 'moonshine liquor', to-wit: one (1) pint.
>
> And the grand jurors aforesaid, do further present that the said Harry Vaughan, on the day and year aforesaid, in said county, did unlawfully manufacture, sell, offer, keep, store, and expose for sale and solicit and receive orders for liquor and absinthe and drinks compounded with absinthe, against the peace and dignity of the state."

Defendant's demurrer to the indictment and each count was overruled; likewise his motion to quash the indictment and each count. The court sustained his motion to require the state to elect upon which count it would try him, and the state elected to try him upon the second count. He then asked the court to require the state to elect upon which offense charged in the second count it would try him, but the court overruled his motion. He then pleaded not guilty.

After the state had concluded its evidence, he renewed his motion to require an election by the state of the particular offense on which it would rely for conviction, but the motion was overruled.

The assignments of error are:

(1). The court erred in overruling his demurrer and motion to quash the indictment and each count.

(2). The court erred in not requiring an election on the part of the state of the particular offense charged in the second count on which it would try him, and of a like motion as to the offense for which it would seek a conviction.

The first count is clearly bad because it has no proper conclusion as required by section 8, article II of the Constitution. The demurrer to that count should have been sustained.

The points urged against the second count are (1) that since the first count is clearly bad, the expression in the second count "on the day and year aforesaid" can not refer back to the time laid in the first count, hence there is no time laid in the second count; that the indictment being for a misdemeanor, it must show on its face that the offense was committed within one year next prior to the finding of the indictment; and (2) that it is bad for duplicity, in that it joins several misdemeanors with a felony.

As to the first objection:—The second count, taken alone, does not state when the offense was committed. The first count states that defendant unlawfully had in his possession a quantity of "moonshine liquor" on September 1st, 1921. The second count fixes the time by reference only,—"on the day and year aforesaid." Is this allowable? To some extent the pleader may avoid repetition by referring from one count to another. It is not a safe practice, but it may be done. However, the reference must be so full and distinct, as in effect to incorporate the matter going before with that in the count in which it is made. *State* v. *Bruce,* 26 W. Va. 153. In that case there were two counts; the first charged that defendant "on May 1, 1882, in the sounty aforesaid" sold spirituous liquors without a license; the

second alleged that defendant was a druggist and that at his drug-store, "in the town of Hinton, in the county aforesaid, did then and there sell alcohol," etc.   The court held that the expression "then and there" was not a sufficient reference to the date named in the first count; that it did not incorporate in the second count the date alleged in the first count, hence the second count was held bad.   But such is not the case here.   The phrase "on the day and year aforesaid" refers to the first day of September, 1921, and to no other date, as there is no other date to which reference could be made.   That is the only date mentioned in the indictment. A casual reading of the indictment must irresistibly lead any one to conclude that the time of the commission of the offenses in the second count is fixed as of September 1, 1921, and shows that it was within the year next prior to the finding of the indictment.   In *State v. Hertzog*, 41 La. Ann. 775, 6 So. Rep. 622, in a charge for malicious maiming, the first count fixed the time and place of the assault; the second charged the offenses to have been committed "on the day and date aforesaid and in the district, state and parish aforesaid."   In overruling defendant's objection to the second count, the court said: "This laid the time and venue with perfect certainty and without the slightest ambiguity, and is clearly sufficient."   To the same effect as to venue, see: *Evans* v. *State*, 24 Ohio St. 208; *Bartley* v. *State*, 53 Neb. 310, 73 N. W. 744; and the fact that the first count is defective and the state during the course of the trial elected to try defendant on the second count, thus in effect entering a *nolle prosequi* as to the first count, does not affect the matter. To supply deficiencies or aid allegations in the second count, the first count remained a part of the indictment.   *Bartley* v. *State, supra; Commonwealth* v. *Clapp*, 82 Mass. 237; *State* v. *McAllister*, 26 Me. 374; *Wills* v. *State*, 8 Mo. 52; *Hutto* v. *State*, 7 Tex. Cr. App. 44; 22 Cyc. 366-7.   By both reason and authority we are of opinion that the time and place are alleged in the second count with sufficient certainty.

The charge of duplicity is urged, but in an unusual way,— that is, that there is a joinder in the same count of a charge

of felony with charges of various separate and distinct misdemeanors. Defendant's counsel argues that the manufacture of intoxicating liquors is now made a felony, and that that is one of the offenses with which defendant is charged. The indictment in this case charges the offenses in the language of the warrant found in *State* v. *Counts,* 90 W. Va. 338, 110 S. E. 812. Error was assigned there that the warrant should have been quashed because of duplicity, but we held otherwise. In the present case there is no felony charged. It is not alleged that the acts were feloniously committed, but that they were ''unlawfully'' committed. Whether the charge of unlawful manufacture is sufficiently definite and certain to charge an offense we need not determine. Certain it is that it is not charged as a felony. In the Counts case, supra, we held the warrant was not bad because of duplicity. Duplicity, or double pleading, consists in stating for one purpose two or more distinct grounds of complaint or defense, when one of them would be as effectual in law, as both, or all. It is a fault in pleading, because it tends to confusion and multiplication of issues; but it has been held to be one of form only. *Sprouse* v. *Commonwealth,* 81 Va. 374; and it is provided in section 21, chapter 158, Code, that ''No exceptions shall be allowed for any defect or want of form in any presentment or indictment, founded on any provision of chapter thirty-two or one hundred and fifty-one, but the court shall give judgment thereon according to the very right of the case. '' At the time this statute was enacted, chapter 32 was the chapter which, among other things, prohibited sales of liquor without a license. Those offenses are now covered by chapter 32A. We need not now decide whether section 21, chapter 158, Code, applies to the offenses mentioned in chapter 32A, for section 10, chapter 158, Code, has been construed to relieve against defects in indictments because of form. *State* v. *Jarrell,* 76 W. Va. 263, 85 S. E. 525. See also opinion in *State* v. *Hudson,* 93 W. Va., 435, *State* v. *Baker,* 93 W. Va. 55, 115 S. E. 860, and authorities there cited. There was no error in refusing to quash the

second count of the indictment or in overruling defendant's demurrer thereto.

Another point raised is that the court should, on defendant's motion, have required the state to elect on which charge it would try him and on which charge it would stand for conviction. Before any evidence was introduced, the state was compelled to elect on which count he would be tried. At that stage that was certainly all the defendant could reasonably ask. The state was not in position to say on what particular charge in the second count 'it would try him until all the state's evidence was in. When that had been introduced it then knew what charge had been made out. It proved a sale of red whiskey, made by defendant to Hoge Hutchinson about ten or eleven months prior to the finding of the indictment. No other sale or offense was attempted to be proved. If evidence of more than one offense had been given then there would be a reason for an election; in that case the state would be required to elect, as was done in *State* v. *Baker.* But in this case there was no evidence whatever tending to show that defendant had offered, kept, stored, exposed for sale or had received orders for liquor, as charged. Had he asked the court to instruct the jury to acquit him on those charges on which there was no evidence, the court would have done so; but a general verdict has that effect anyway. He could not be tried again for the same offenses. However, as stated in 22 Cyc. 408, "When evidence has been introduced tending directly to the proof of one act and for the purpose of procuring a conviction upon it, an election is regarded as made," citing: *Sullivan* v. *State,* 68 Ala. 525; *People* v. *Williams,* 133 Cal. 165, 65 Pac. 323; *State* v. *Bates,* 10 Conn. 372; *People* v. *Clark,* 33 Mich. 112. We do not mean to state, however, that the state, by showing proof of one act must be deemed to have made such an unequivocal election that it can not then go on and prove other acts charged. *State* v. *Chisnell,* 36 W. Va. 659, 15 S. E. 412. But where several offenses against the prohibition laws are charged in a single count and the state offers evidence to prove the commission of a single offense and no more, this of itself

amounts to an election of the charge on which conviction will be asked, and just as effectively as if a formal notation of the election were made upon the record.

We find no error; the judgment is affirmed.

.          *Affirmed.*  .